IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DERRICK SUTTON, )
)
        Plaintiff, )
)
v. ) No. 12 C 10044
)
RICKY BYRD, et al., )
)
        Defendants. )

# **OPINION AND ORDER**

Plaintiff Derrick Sutton was incarcerated at the Northern Reception and Classification Center ("NRC") in Illinois during certain periods in 2011. Sutton alleges that defendant Ricky Byrd, a correctional officer with the Illinois Department of Corrections ("IDOC"), acted with deliberate indifference to plaintiff's serious medical needs. Presently pending is defendant's motion for summary judgment.

Byrd is the only remaining defendant in this case. The initial complaint in this case was filed *pro se*. Although plaintiff has been represented by appointed counsel since early in this case, no amended complaint drafted by the attorney has

been filed.¹ The caption of the *pro se* complaint lists the defendants as "Stateville NRC IDOC staff officer Bird [sic] Healthcare Employer Wexford Health Care Inc.," with no punctuation or conjunctions. Section II of the form complaint, though, specifies two defendants: Wexford Health Care Incorporated and Officer Bird [sic]. In ruling on plaintiff's motion to proceed *in forma pauperis*, the complaint was construed as naming only two defendants (not including IDOC itself) and it was held that no adequate claim was made against Wexford. Plaintiff was permitted to proceed with his claim against Byrd. *See* Order dated March 6, 2013 [ECF 11]. At the same time plaintiff (through counsel) recently responded to summary judgment, he moved to clarify that IDOC was also a defendant in this case, contending it had been named as a defendant in the *pro se* complaint. Since the only claim in the case is a damages claim² pursuant to 42 U.S.C. § 1983 and the Eleventh Amendment bars any such claim against the State of Illinois, the motion to clarify was denied and IDOC was not added as a defendant. *See* Order

---

¹A motion to file an amended complaint drafted by counsel was denied by the judge previously assigned to this case and no subsequent motion to amend was filed. See Order dated July 27, 2015 [ECF 93].

²Plaintiff is not presently incarcerated at NRC so there is no basis for injunctive relief.

dated Dec. 8, 2015 [ECF 106].[3]  The only issue to address on summary judgment is whether facts support that Byrd can be held personally liable for being deliberately indifferent to plaintiff's medical needs, not whether IDOC or some other IDOC employee is responsible for deliberate indifference to plaintiff's medical needs.

Prior to this case being reassigned, a substantial period of time was granted to conduct discovery.  However, some of that time may have been taken up by attempts to settle the case.  After the case was reassigned, additional time for discovery was permitted and the discovery period closed on September 30, 2015.  After the close of discovery, a date was set for summary judgment motions.  No motion to extend the discovery period was filed nor was any motion filed pursuant to Fed. R. Civ. P. 56(d).

A party is entitled to summary judgment if it is shown that there is no genuine issue of material fact and he is entitled to judgement as a matter of law.  Fed. R. Civ. P 56(a).  The court views the record in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271,

---

[3]This order also amended the docket to use a correct spelling of B**y**rd's surname and to add his first name.

274 n.1 (2009); ***Laskin v. Siegel***, 728 F. 3d 731, 734 (7th Cir. 2013). The nonmovant must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010).

Local Rule 56.1 sets forth certain procedures for summary judgment motions. The movant is to file a properly supported statement of facts consisting of numbered paragraphs. L.R. 56.1(a)(3). The nonmovant is to provide a paragraph-by-paragraph response to the movant's statement. L.R. 56.1(b)(3)(B). Further, the nonmovant may provide a statement of additional facts. L.R. 56.1(b)(3)(C). It is within the court's discretion as to how strictly to apply Local Rule 56.1. As long as the facts are presented in a manageable form, this bench generally will exercise its discretion to not strictly enforce the requirements of Local Rule 56.1. *See* ***Brown v. Ghosh***, 2014 WL 3360564 *2-3 (N.D. Ill. July 9, 2014); ***Franchini v. Uchicago Argonne, LLC***, 2013 WL 4779184 *2 (N.D. Ill. Sept. 5, 2013); *see also* ***Trade Fin. Partners, LLC v. AAR Corp.***, 573 F.3d 401, 409 (7th Cir. 2009); ***Bordelon v. Chicago Sch. Reform Bd. of Tr.***, 233 F.3d 524, 527 (7th Cir. 2000). Defendant contends that plaintiff violates Local

Rule 56.1 by putting additional facts in the Rule 56.1(b)(3)(B) statement; failing to always provide citations supporting factual contentions; making factual contentions in the brief that are not raised or supported in plaintiff's Rule 56.1 statements; and relying on improper supporting documents.[4]  Plaintiff's Rule 56.1 statement does often assert facts without providing specific citations along with the assertions.  Many of the asserted facts, however, are supported elsewhere and often are facts that were already asserted and supported by defendant.  In any event, as is discussed below, plaintiff's opposition on the merits focuses on two pieces of evidence, both of which are supported by assertions and citations that are contained in defendant's Rule 56.1 statement as well as in plaintiff's Rule 56.1(b)(3)(B) statement or brief.  No filing or factual assertion of plaintiff will be stricken, but only those facts adequately supported by the record will be considered.

To succeed on his deliberate indifference to medical needs claim, plaintiff bears the burden of showing (1) he had an objectively serious medical

---

[4]As to this last point, defendant points to the attorney's own declaration in support of the motion to clarify, in which the attorney incorporates what he contends plaintiff's and his former cellmate's declarations would have stated if the attorney had been able to reach them to sign the declarations.  The attorney's declaration, however, was not cited in opposition to summary judgment and the motion to clarify had already been denied before defendant filed his reply.

need, (2) defendant was aware of it, and (3) defendant acted with deliberate indifference to the need. ***King v. Kramer***, 680 F.3d 1013, 1018 (7th Cir. 2012). To be deliberately indifferent, a responsible official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," draw the inference that there is a significant likelihood the harm will occur, and fail to take reasonable steps to prevent the harm. ***Pittman ex rel. Hamilton v. County of Madison, Ill.***, 746 F.3d 766, 775-76 (7th Cir. 2014). In order to be liable, a defendant must be personally involved in and responsible for the deficient medical treatment. *See* ***Burks v. Raemisch***, 555 F.3d 592, 595 (7th Cir. 2009); ***Brown v. Wexford Health Sources***, 2014 WL 7014111 *9 (S.D. Ill. Dec. 11, 2014).

      For purposes of summary judgment, defendant does not dispute that evidence adequately supports that in May 2011 and approximately September 13, 2011, plaintiff fell out of his top bunk causing some injury. For purposes of summary judgment, defendant also concedes that plaintiff has a medical need to be in a lower bunk in that complications with his diabetes sometimes cause him to become disoriented and fall out of bed. Defendant also does not dispute that this is a serious medical need. Defendant does contend that evidence does not support

that he was personally involved in either incident or that he had knowledge or responsibility that would support that he acted with deliberate indifference. Alternatively, defendant contends that plaintiff's claim should be dismissed for failure to exhaust administrative remedies.

As regards the May 2011 incident, plaintiff points to no evidence whatsoever that defendant was involved in that incident or was in any way responsible for it. Any claim regarding the May 2011 incident will be dismissed. Plaintiff's contention that further investigation may support this claim does not satisfy Fed. R. Civ. P. 56(d).

As to the September incident, it is undisputed that, for his stay at NRC during that time period, plaintiff was processed into the facility on September 6, 2011. As is recited in defendant's statement of facts, plaintiff testified that upon arriving at his cell on the day of his admittance, he told defendant of his need for a lower bunk and defendant told him that the cellmate also had such a need and was already in the lower bunk so defendant would have to either put his mattress on the floor or sleep in the upper bunk. Plaintiff chose to sleep in the upper bunk because he did not want to be on the filthy floor where vermin and rodents could reach him. Defendant denies having any such conversation with plaintiff at any

time during plaintiff's incarceration at NRC. Ordinarily, this would constitute a genuine factual dispute and plaintiff's version of the facts would have to be taken as true. However, defendant's employment records and plaintiff's admission records conclusively establish that defendant was not working on September 6, 2011, the day that plaintiff was admitted to NRC. Plaintiff, therefore, agrees that his testimony is insufficient to show that the conversation occurred on that date. Plaintiff, however, contends that a reasonable inference to draw from his testimony is that the conversation occurred, but that he was wrong about it occurring on the first day he arrived. He contends it should instead be inferred that the conversation occurred a day or two later. There is no contention by defendant that he was not working on those days. It is a reasonable inference that this conversation occurred on a different day and therefore that inference must be drawn in plaintiff's favor. It still must be considered whether that makes defendant responsible for a fall that occurred four or more days later and, after, according to plaintiff's testimony, he told a number of other IDOC employees about his need to be moved to a lower bunk.

Another fact that plaintiff relies upon but which defendant contends plaintiff provided no supporting citation in plaintiff's own Rule 56.1 statement is a

contention that is taken straight from defendant's declaration and is cited in defendant's Rule 56.1 statement.  Defendant states:  "Inmates are sometimes issued low bunk permits.  If both inmates in a cell had low bunk permits, I would call the cell house sergeant to address the issue as I do not have authority to re-assign inmates to different cells."  Def. Decl. ¶ 4 [ECF 99-2 at 2].  *See also* Def. 56.1 Stmt. ¶ 6 [ECF 99 at 2].  Plaintiff does not contend that defendant could have unilaterally reassigned plaintiff to a lower bunk, but does contend that, based only on this testimony, defendant had a duty to pass the information onto an appropriate IDOC official.

The relationship between plaintiff's injury and the conversation with defendant is too tenuous to support causation or deliberate indifference.  The fall did not occur until at least four days after the conversation and after plaintiff had informed other IDOC personnel about his need to be in a lower bunk.  With so many people being informed and defendant not being directly responsible for the bunk assignment, it cannot be found that defendant was the cause of plaintiff being in an upper bunk on September nor the cause of the fall itself.  Neither can it be found that defendant acted with deliberate indifference.  Plaintiff's testimony as to his conversation with defendant does not support that defendant was made

aware of facts from which the inference could be drawn that plaintiff was significantly likely to suffer serious harm. Also, the evidence does not support that defendant deliberately failed to pass the information to an official who could change plaintiff's bunk assignment.

Since plaintiff's claims fail on their merits, it is unnecessary to rule on the question of administrative exhaustion. It does appear, however, that plaintiff failed to adequately exhaust his administrative remedies.

Plaintiff's entire cause of action will be dismissed.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [98] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant Ricky Byrd and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 21, 2016